Filed 6/22/16  P. v. Saunders CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064964 |
| v. | (Super.Ct.No. RVI014315) |
| TIMOTHY ROBERT SAUNDERS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Raymond L. Haight III, Judge.  Affirmed with directions.

David L. Annicchiarico, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### FACTUAL AND PROCEDURAL HISTORY

In May 2002, an information charged defendant and appellant Timothy Robert Saunders and codefendant Patricia Ann Sloan with one count of murder under Penal

Code[1] section 187, subdivision (a). The information also alleged that defendant personally used a deadly weapon, a knife, in the commission of the murder under section 12022, subdivision (b)(1), and that he suffered three prior prison terms under section 667.5, subdivision (b).

On October 20, 2005, defendant pled guilty to voluntary manslaughter under section 192, subdivision (a). He also admitted the personal use of a deadly weapon and three prior prison term allegations. The court minutes also stated that defendant admitted a "prior/strike," which was not charged.

On November 18, 2005, the trial court sentenced defendant to 15 years in state prison, including the upper term of 11 years for the voluntary manslaughter conviction and one year each for the personal use of the weapon and prior prison term allegations.

On September 25, 2015, defendant filed a petition under section 1170.18 (Proposition 47). Defendant alleged that the offenses underlying his three prior prison terms had been reclassified as misdemeanors under Proposition 47. On October 1, 2015, the trial court denied defendant's petition. It found that the instant case was ineligible for resentencing because defendant's voluntary manslaughter offense, to which the prison priors attended, was not reclassified as a misdemeanor under Proposition 47.

On November 23, 2015, defendant filed a timely notice of appeal.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

2

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error in the court's denial of defendant's petition for resentencing. However, we note that defense counsel, in the *Wende* brief, has informed us that the trial court minutes from October 20, 2005, erroneously stated that defendant admitted a "prior/strike" that was never charged in the information. Counsel has requested that we order that the error be corrected. We hereby order that this clerical error be corrected.

## DISPOSITION

The court clerk is directed to amend the minutes of the hearing on October 20, 2005, to delete the statement that defendant admitted a "prior/strike." In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

3

We concur:

McKINSTER
                        Acting P. J.

CODRINGTON
                             J.